## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF PUERTO RICO

**JOSÉ R. LÓPEZ-DÁVILA**,

      Plaintiff,

      v.

**ACTING COMMISSIONER OF SOCIAL SECURITY,**

      Defendant.

Civil No. 13-1836 (BJM)

### OPINION AND ORDER

Plaintiff José R. López-Dávila filed a complaint against the Acting Commissioner of Social Security ("Commissioner"), alleging that the Commissioner's disability decision was not supported by substantial evidence. Docket No. 2 ("Compl."). Plaintiff demanded judicial review of the decision so that disability insurance benefits may be allowed and paid, or in the alternative that the court remand the case for a hearing. *Id.* at 2. The parties have consented to proceed before a magistrate judge. Docket No. 9. The Commissioner filed a motion to dismiss for lack of subject matter jurisdiction (Docket No. 11), a memorandum in support of the motion to dismiss (Docket No. 12) ("Mot."), and a declaration from Paul Halse, Acting Chief of Court Case Preparation and Review Branch 2 of the Office of Disability Adjudication and Review (Docket No. 15) ("Decl."). Plaintiff responded in opposition. Docket No. 13 ("Opp'n").

For the reasons set forth below, the motion to dismiss is **GRANTED**.

### STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(1) is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," *Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362–63 (1st Cir. 2001), including the availability of federal judicial review of agency action. *See Califano v. Sanders*, 430 U.S. 99, 107 (1977). When deciding a motion to dismiss under Rule 12(b)(1), a court must accept as true all well-

pleaded factual claims, and indulge all reasonable inferences in the non-movant's favor. *McCloskey v. Mueller*, 446 F.3d 262, 266 (1st Cir. 2006). The court may also "consider whatever evidence has been submitted," including exhibits, without converting the Rule 12(b)(1) motion into a motion for summary judgment. *See Aversa v. United States*, 99 F.3d 1200, 1210 (1st Cir. 1996). Once contested, the burden ultimately is on the plaintiff to prove the existence of subject matter jurisdiction. *See Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995). Under Rule 12(b)(1), "dismissal would be proper if the facts alleged reveal a jurisdictional defect not otherwise remediable." *Dennehy v. Frambes*, 385 F. Supp. 2d 121, 123 (D.P.R. 2005).

## FACTUAL AND PROCEDURAL BACKGROUND

On November 8, 2006, plaintiff filed a claim for disability insurance benefits (Decl. at 11), which was denied both initially and upon reconsideration. Decl. at 3, 11. An administrative hearing was held, after which it was decided, on May 15, 2009, that plaintiff was not disabled through December 31, 2005, when his insurance status expired. *Id.* at 3, 11-18. On June 17, 2011, the Appeals Council denied plaintiff's request for review, rendering the May 15, 2009 decision the final decision of the Commissioner. *Id.* at 3, 19. Plaintiff did not appeal the ALJ's decision to the district court. *Id.* at 3.

On July 13, 2011, plaintiff again applied for disability benefits, and the claim was denied both initially and upon reconsideration. *Id.* at 3-4, 29. Plaintiff requested an administrative hearing (Decl. at 4), which was reportedly held on January 10, 2013, and where plaintiff and a vocational expert testified about plaintiff's impairments.[1] Opp'n at 3. The ALJ then issued an order on January 15, 2013, dismissing the hearing request on res

---

[1] Neither the Commissioner's memorandum in support of his motion to dismiss nor the Halse declaration contains any mention of a hearing on January 10, 2013. Plaintiff, meanwhile, submits official notices of a hearing set for January 10, 2013, addressed to himself and to vocational expert Ariel Cintrón Antommarchi. Opp'n at 9-27. I therefore conclude the hearing occurred.

judicata grounds.[2] *Id.* at 4, 23-32. The ALJ concluded that the 2011 claim was an "implied request for reopening and revision of the first application dated November 8, 2006," and said he could not reopen the final determination on the 2006 application. *Id.* at 29-30. The ALJ found no new and material evidence that warranted reopening the prior claim. *Id.* at 31 (citing 20 C.F.R. §§ 404.988). On October 9, 2013, the Appeals Council denied plaintiff's request for review of the ALJ's dismissal. *Id.* at 4, 33.

## DISCUSSION

The Commissioner seeks to dismiss the instant case for lack of subject matter jurisdiction, arguing that the ALJ's refusal to reopen plaintiff's prior claim was not a "final decision" subject to judicial review. Plaintiff claims that the court does have subject matter jurisdiction over the case pursuant to 42 U.S.C. § 405(g). Plaintiff's main argument is that estoppel should apply, barring the ALJ from rejecting the second claim after holding a hearing on it. Opp'n at 1-4. He claims this hearing gave the impression that he would receive a "hearing decision." *Id.* at 3.

### I.        Subject Matter Jurisdiction over Agency Action

Judicial review of social security disability decisions by the Commissioner is governed by § 405(g). The section provides that "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." § 405(g). A "final decision" generally refers

---

[2] It appears that this "dismissal of a hearing request" was effectively a refusal to reopen, as ALJs have done in the past. *See Colon v. Sec. of Health & Human Servs.*, 877 F.2d 148, 149 (1st Cir. 1989) (per curiam) (equating a new claim and a request for a hearing as an effective request to reopen and revise original claim, and subsequently denying that request); *Girard v. Chater*, 918 F. Supp. 42, 43-44 (D.R.I. 1996) (refusing to reopen a prior claim by dismissing a request for a hearing on grounds of res judicata, after the hearing took place).

to the initial substantive decision on the disability benefits claim. *See Doe v. Sec. of Health & Human Servs.*, 744 F.2d 3, 4 (1st Cir. 1984).

Decisions not to reopen earlier determinations are not considered "final" under § 405(g). *See Matos v. Sec. of Health, Ed. & Welfare*, 581 F.2d 282, 285 (1st Cir. 1978) (citing *Califano*, 430 U.S. at 107-08). A decision rejecting a request to reopen an earlier claim, while noting that additional evidence did not change the original decision, is therefore not subject to judicial review. *Id.* Courts do not have jurisdiction to examine a claim that was denied due to res judicata. *Id.* at 286. Allowing judicial review simply by filing and being denied a petition to reopen a claim would frustrate the congressional purpose in § 405(g) to impose a time limitation upon judicial review of the final decision in an initial claim for benefits. *See Sanders*, 430 U.S. at 108 (citing 20 C.F.R. § 404.951). The court also does not have jurisdiction to review whether additional medical reports are new or material, such that they could warrant reopening of a claim under 20 C.F.R. § 404.989. *See Dvareckas v. Sec. of Health & Human Servs.*, 804 F.2d 770, 772 (1st Cir. 1986) (per curiam). The only exception to the bar against judicial review of a denial to reopen occurs when a colorable constitutional claim is raised. *See Sanders*, 430 U.S. at 109.

The ALJ considered the plaintiff's 2011 claim to be a request to reopen the 2006 claim, as it was based on the same disability onset date as presented in 2006, and no new and material evidence was presented that changed the original facts and issues enough to warrant reopening. Decl. at 29. He then denied the 2011 claim by refusing to reopen the 2006 claim. *Id.* at 30-32. Plaintiff had not appealed the ALJ's initial final decision in 2009, but instead waited several years and reapplied with essentially the same application. *Id.* at 29. No colorable constitutional claim was raised.

The request for review in this case is thus based on a refusal to reopen a prior claim, which *Matos* and *Sanders* clearly hold is beyond the court's jurisdiction. The plaintiff's

call for a remand due to a failure to consider new and material evidence is also beyond the court's jurisdiction.

## II.     Estoppel

Plaintiff claims that the estoppel doctrine should apply to the ALJ's decision due to "concepts of equity, fairness, and justice." Opp'n at 3. He claims that the ALJ held a hearing on January 10, 2013, which led him to believe that a substantive decision on benefits would be made. *Id.*

Estoppel is an "equitable doctrine invoked to avoid injustice in particular cases." *Heckler v. Cmty. Health Servs.*, 467 U.S. 51, 59 (1984). In order to successfully make an estoppel claim, the party seeking to assert estoppel must demonstrate that (1) the party to be estopped made a factual misrepresentation with the belief that the other party would rely on it; (2) the party detrimentally relied on the misrepresentation; and (3) that reliance was reasonable in that the party did not know and should not have known that the conduct was misleading. *See Mimiya Hosp., Inc. SNF v. U.S. Dep't of Health & Human Servs.*, 331 F.3d 178, 182 (1st Cir. 2003) (citing *Heckler*, 467 U.S. at 59). In addition, the burden for asserting estoppel against the government is greater than that against a private citizen; relief is only warranted in the most extreme circumstances. *Id.* at 183 n.1 (internal quotation marks and citations omitted). At a minimum, affirmative government misconduct would have to be demonstrated, such as a statement made with the intent to mislead a plaintiff about his responsibilities. *See Dantran, Inc. v. U.S. Dep't of Labor*, 171 F.3d 58, 66-67 (1st Cir. 1999).

However, the court cannot decide the question of estoppel because a lack of subject matter jurisdiction has been established. *See Christopher v. Stanley-Bostitch, Inc.*, 240 F.3d 95, 101 (1st Cir. 2001) (federal district court cannot decide whether estoppel principles apply or not when it lacks subject matter jurisdiction). Even if fairness concerns are raised when an administrative claim has been dismissed on the basis of res judicata, the jurisdiction for judicial review of social security claims has been laid out by Congress. *See*

*Doe*, 744 F.2d at 4-5. Any change to it would have to go through congressional channels. *Id.*

If plaintiff is attempting to assert that the January 10, 2013 hearing effectively reopened the original claim, warranting a new substantive decision, that argument would also fail. To determine the applicability of res judicata to a claim, an ALJ can hold a hearing and consider evidence regarding the claimant's condition at the time of the previous denial, as well as any new evidence. *See Girard*, 918 F. Supp. at 43-45. "[T]he mere fact that new evidence is considered does not amount to a constructive reopening particularly when the ALJ expressly refuses to reopen." *Id.* at 45 (citation omitted). Holding the January 10, 2013 hearing and considering both previous and new evidence thus did not reopen the case or warrant a new substantive decision on benefits. Even if the claim had been reopened, such an action still does not constitute a final benefits decision that the court could review. *See Doe*, 744 F.2d at 4.

As the ALJ's January 15, 2013 order was not a final decision of the Commissioner, the court cannot review it, and the case must be dismissed for lack of subject matter jurisdiction.

## CONCLUSION

For the foregoing reasons, the motion to dismiss is **GRANTED**.

**IT IS SO ORDERED.**

In San Juan, Puerto Rico, this 16th day of July, 2014.

*S/ Bruce J. McGiverin*
BRUCE J. McGIVERIN
United States Magistrate Judge